UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ANTHONY F. DEBELLIS,

       Plaintiff,

- against -

JOANNE MASSING; MICHAEL RUSSO;
MICHAEL NAGLE; CARMEL POLICE;
NEW YORK STATE POLICE; DANIEL
DWORKIN; STEVEN SCHMOKE; PUTNAM
DA'S OFFICE; PATRICIA RAU; BRIANNE
SMITH; MACKENZIE FERGUSON; LARRY
GLASSER,

       Defendants.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-1105 (BMC)

**COGAN**, District Judge.

Plaintiff *pro se* brought this 42 U.S.C. § 1983 action against New York State officials and entities in connection with his arrest and prosecution for stealing a car. For the reasons stated below, this action is transferred to the United States District Court for the Southern District of New York.

## SUMMARY OF COMPLAINT

According to the complaint, plaintiff was "wrongfully accused of stealing a motor vehicle," for which he was arrested, incarcerated, tried, and acquitted. Plaintiff alleges that he suffered emotional trauma, mental anguish, and defamation as a result of these events. All of the events giving rise to plaintiff's claims occurred in Putnam County, New York.

Plaintiff brings claims under 42 U.S.C § 1983 against nine separate defendants, all of which are alleged to reside or work within either Putnam County, New York or Duchess County, New York. The plaintiff is presently incarcerated at the Anna M. Kross Center on Rikers Island.

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A civil action must be filed in a judicial district in which any defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404(a), a court may transfer a case *sua sponte*. Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979). When deciding whether to transfer venue under 28 U.S.C. § 1404(a), "the court must accept as true all of plaintiffs' well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence . . . ." Mohsen v. Morgan Stanley & Co., No. 11-cv-6751, 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

When determining whether to transfer venue, courts consider factors including, among others: plaintiff's choice of forum; the convenience of witnesses and parties; the location of relevant documents and relative ease of access to sources of proof; and the locus of operative facts. New York Marine & Gen. Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010). Although the Court would typically give "substantial consideration" to plaintiff's choice of forum, "the emphasis that a court places on plaintiff's choice of forum diminishes where the facts giving rise to the litigation bear little material connection to the chosen forum." Pilot Corp. v. U.S. Robotics, Inc., No. 96-cv-5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997) (internal quotation marks and alterations omitted).

Here, the Southern District of New York is the appropriate forum for this action. Because plaintiff alleges that his false arrest and prosecution occurred in Putnam County, plaintiff could have filed this action in the Southern District of New York, which includes Putnam County. See 28 U.S.C. § 112(b). Moreover, plaintiff does not allege that any of the nine defendants reside within the Eastern District of New York. All defendants' addresses are located within either Putnam County or Dutchess County, which are also in the Southern District of New York. Id. Although several of the addresses listed for defendants appear to be their work addresses rather than residential addresses, there is no indication that any defendant has any relationship with the Eastern District of New York.

## **CONCLUSION**

The Clerk is directed to transfer this case to the United States District Court for the Southern District of New York. The seven-day waiting period under Local Rule 83.1 is waived. A decision on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 16, 2019